Case 1:23-cr-00196   Document 54   Filed on 06/17/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE FRANCISCO OLVERA-RODRIGUEZ, § § Petitioner § VS. § § UNITED STATES OF AMERICA § § Respondent § | CIVIL ACTION NO. 1:24-CV-069 CRIMINAL NO. 1:23-CR-196-1 |

## ORDER AND OPINION

In May 2024, Petitioner Jose Francisco Olvera-Rodriguez filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Petition, Doc. 1)

In a Section 2255 matter, the district court has an independent obligation to review the record and the pleadings, and "if it plainly appears" that the petitioner is not entitled to relief, the court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. Here, after conducting that review and based on the record and the applicable law, the Court concludes that Olvera is not entitled to the relief that he seeks.

### I.   Factual and Procedural Background

In February 2023, a Customs and Border Protection officer found Olvera hiding in a brush line near Brownsville, Texas. (*U.S. v. Olvera*, Criminal No. 1:23–196–1 ["CR"], Revised PSR, CR–Doc. 27, 3)  The following month, a grand jury indicted Olvera on one count of being an alien found unlawfully within the United States after having been previously deported from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). (Indictment, CR–Doc. 7)

In April, Olvera pled guilty to the charges against him. (*See* Report & Recommendation, CR–16)  At the re-arraignment hearing, the Magistrate Judge asked Olvera's counsel "whether offers of Plea Agreements were extended to . . . Mr. Olvera". (Re-Arraignment Trans., Doc. 40,

29) Olvera's counsel responded that "offers were made", but that Olvera was "proceeding without the Plea Agreement[ ]." (*Id.* at 30)  The Magistrate Judge asked Mr. Olvera to confirm whether his counsel's comments were "correct", and Olvera responded, "Yes, your Honor." (*Id.*)

Following Olvera's guilty plea, the Probation Office conducted an investigation to prepare the Presentence Investigation Report.  The resulting PSR assessed Olvera with a base offense level of eight and the following two enhancements for Specific Offense Characteristics:

- A ten-level enhancement under Section 2L1.2(b)(2)(A) because Olvera had felony convictions for non-illegal-reentry offenses that predated his first deportation; and
- An eight-level enhancement under Section 2L1.2(b)(3)(B) because Olvera had felony convictions for non-illegal-reentry offenses that occurred after his first deportation.

(Revised PSR, CR–Doc. 27, 5–6)  The PSR afforded Olvera full credit for acceptance of responsibility, resulting in a Total Offense Level of 27.

Olvera had an extensive criminal history, including a state court conviction for armed robbery, four state court convictions related to domestic violence, and two prior illegal re-entry offenses. (*Id.* at 6–9)  Olvera scored 14 criminal history points based on these convictions, placing him at Criminal History Category VI, which, when coupled with a Total Offense Level of 27, resulted in a guideline range of 130 to 162 months.  As Olvera was charged under Section 1326(b)(1), he faced a maximum sentence of 120 months, which became his guideline range.

At the sentencing hearing, Olvera's counsel stated that he had not filed any objections to the Revised PSR "because the numbers are correct." (Sent. Trans., CR–Doc. 38, 4)  Counsel argued, however, that those numbers "greatly exaggerate[d] the situation," noting that the armed robbery conviction dated back over 15 years, the domestic violence convictions stemmed from a dysfunctional, but loving, relationship that Olvera still maintained with his wife, and that Olvera entered the United States illegally to escape the violence in Mexico. (*Id.* at 4–8)  Olvera's attorney also spoke at length in an attempt to present mitigating information on behalf of his client.

The Court declined to depart under U.S.S.G. 4A1.3, finding that Olvera's criminal history category of VI did not "substantially overrepresent[ ] the seriousness of Mr. Olvera's criminal history or the likelihood that he [would] commit other crimes". (*Id.* at 9)  In addition, after considering the factors in 18 U.S.C. § 3553(a), the Court declined to apply a variance.  While considering all of the Section 3553(a) factors, the Court highlighted that Olvera's criminal history demonstrated that he represented a danger to others, including his family, and that the factor of deterrence weighed in favor of a lengthy sentence, especially as Olvera was found in the United States less than three weeks after being deported to Mexico. (*Id.* at 10–11)

The Court sentenced Olvera to 120 months of incarceration and a three-year term of supervised release. (Judgment, CR–Doc, 34)

Olvera timely filed a Notice of Appeal (CR–Doc. 32).  His appellate counsel filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), asserting that Olvera possessed no legally nonfrivolous issues to support an appeal.  Olvera filed a response to the motion, claiming that his trial counsel had provided ineffective assistance of counsel.  The Fifth Circuit agreed that the appeal presented no non-frivolous issue, but "decline[d] to consider the [ineffective assistance] claims without prejudice to collateral review." *United States v. Olvera-Rodriguez*, No. 23-40431, 2024 WL 35449, at *1 (5th Cir. Jan. 3, 2024).

Olvera did not file a petition for a writ of certiorari with the Supreme Court.

On May 20, Olvera timely filed his Habeas Petition.  He makes an overarching claim that trial counsel provided him with ineffective assistance of counsel by rushing him into a guilty plea and otherwise not representing his "best interest." (Pet., Doc. 1, 6)

As the Court can resolve the Petition solely on the record, the Court has not ordered the Government to respond.

**II.    Analysis**

In a habeas action under 28 U.S.C. § 2255, "federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." *Lawrence v. McCarthy*, 344 F.3d 467, 474 (5th Cir. 2003). Where a Section 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. *U.S. v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

A court may consider and decide a Section 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255(c). The court need not conduct a hearing where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief. *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). When a defendant claims that counsel was ineffective at sentencing, he must show that, but for counsel's errors, he would have received a lesser sentence. *United States v. Grammas*, 376 F.3d 433, 438–39 (5th Cir. 2004); *see also United States v. Israel*, 838 F. App'x 856, 871 (5th Cir. 2020) (citing *Grammas*).

In the present case, as Olvera is proceeding *pro se*, the Court applies a liberal construction to his Petition to ensure that his claims are not unfairly dismissed because of his unfamiliarity with the law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even applying this lenient standard, however, the Court concludes that Olvera is not entitled to relief.

First, the record unambiguously undermines Olvera's allegation that his attorney rushed him into a guilty plea and that he did not adequately explain the PSR to him. At re-arraignment, Olvera agreed under oath that he "had the opportunity and sufficient time to discuss in Spanish" with his attorney the charges that he faced and that his attorney answered his questions. (Re-Arr. Trans., CR–40, 17–18) At sentencing, Olvera confirmed under oath that he had the opportunity to review the PSR with his counsel. (Sent. Trans., CR–Doc. 38, 2)  Olvera now presents a conclusory claim that his attorney rushed him through the process. But "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

And unsupported allegations do not satisfy a petitioner's "heavy burden" to overcome this presumption. *See DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *see also United States v. Jimerson*, 754 Fed. App'x 275, 277 (5th Cir. 2018) (explaining that a defendant "must wield specific factual allegations" to repudiate statements made under oath when entering a plea of guilty). Here, Olvera presents mere conclusory statements when arguing that his attorney provided ineffective assistance of counsel. Those unsupported allegations do not suffice to overcome the heavy burden that the law imposes.

In addition, the record demonstrates that Olvera's counsel adequately represented his best interests at sentencing. His lawyer acknowledged that the PSR appropriately calculated the guideline range, but argued that it overstated the danger that Olvera represented, presenting a substantial explanation in an attempt to mitigate Olvera's prior convictions. (Sent. Trans., CR–38, 4–8) Based on his argumentation, Olvera's lawyer requested that the Court apply a departure or a variance and sentence his client to 60 to 80 months. (*Id.*) Although the Court did not accept this position, the argument by Olvera's counsel represented a reasonable tactical decision and attempt to mitigate the impact of Olvera's substantial criminal history. *See Gray v. Lucas*, 677 F.2d 1086, 1094 (5th Cir. 1982) ("Moreover, the fact that a particular strategy may prove to be unsuccessful does not by itself establish ineffective assistance.").

Olvera also appears to argue that his lawyer should have secured a plea agreement. (*See* Pet., Doc. 1, 5 ("I was sentence [sic] without given a 'Plea Deal.'")) Again, the record unambiguously undermines this position. At his re-arraignment, Olvera's counsel informed the Magistrate Judge that the Government had offered a plea agreement, but that Olvera was proceeding without accepting it. (Re-Arr. Trans., CR–40, 29–30) Olvera confirmed these statements as correct. (*Id.*) And he separately responded "Yes" when asked if he was "satisfied with the advice, counsel, and representation provided" to him by his lawyer. (*Id.* at 18–19) His

current position to the contrary, without anything other than a one-sentence conclusory statement, does not create a viable claim under Section 2255.

The Court also finds that any constitutional infirmity by Olvera's counsel did not prejudice Olvera. He cannot overcome the fact that his extensive criminal history and his rapid illegal re-entry into the United States heightened the need for a lengthy sentence to deter future criminal conduct and to protect the public from future crimes that he might commit. And no factor under Section 3553(a) warranted a variance. Olvera was sentenced within a properly-calculated sentencing guideline range, rendering his sentence "presumptively reasonable". *United States v. Brumfield*, 89 F.4th 506, 524 (5th Cir. 2023). Olvera's allegations contain no grounds that would call into question his guideline sentence, much less that demonstrate that his counsel's ineffective assistance led to the Court's decision to not apply a variance.

### III. Conclusion

For the reasons indicated in this Order, it is:

**ORDERED** that Petitioner Jose Francisco Olvera-Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED** as meritless.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Olvera fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on June 17, 2024.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge